| | | |
|---|---|---|
| LANCE McCOY<br>3120 St. Paul Street, #H418<br>Baltimore, MD 21218 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff, | * | FOR |
| v. | * | BALTIMORE CITY |
| FREDDIE HENDRICKS TRACK CLUB,<br>AN AFFILIATE ORGANIZATION OF<br>THE AMATEUR ATHLETIC UNION<br>Serve on:  William Vaughn<br>5721 Arnhem Road<br>Baltimore, MD 21218 | * | |
| | * | CASE NO. 24C12004358 |
| | * | |
| Defendant. | * | |

***************************

## COMPLAINT AND DEMAND FOR JURY TRIAL

Lance McCoy, (hereinafter "McCoy"), Plaintiff, by and through his attorneys, Edward Smith, Jr. and Kerrie A. Campbell, hereby sues the Freddie Hendricks Track Club (hereinafter "FHTC"), Defendant, and as reasons states as follows:

### COMMON COUNTS

1. Plaintiff McCoy is a resident of Baltimore City, Maryland.

2. Defendant FHTC is an organization that was doing business in Baltimore, Maryland at all times relevant to this Complaint.

3. On or about August 2005 to May 2008, McCoy was a member of Mergenthaler Cross Country Team in Baltimore City, Maryland. His date of birth is October 2, 1991, and thus was a minor during his participation with the FHTC.

1

4. The FHTC was a member and sanctioned by the Amateur Athletic Union (AAU), thus the AAU provides liability coverage for the Freddie Hendricks Track Club, which includes but is not limited to sexual assault/misconduct.

5. At all relevant times herein, McCoy was a minor and did not reach adult status until October 2, 2009, his eighteenth (18th) birthday.

6. Bryant Newmuis (hereinafter "Newmuis") was hired as a track coach for FHTC by the head coach, Garfield Thompson.

7. Newmuis was responsible for training, coaching, supervising and chaperoning McCoy.

8. As such, Newmuis engaged in activities sponsored by the FHTC organization at all relevant times with full authority as its agent, servant or employee.

9. McCoy and Newmuis met during his sophomore year at Mergenthaler High School when he was approximately fifteen (15) years old. Newmuis was a computer science teacher and coach for the track team.

10. Newmuis was responsible for transporting McCoy to and from practices and track meets under Mr. Thompson's full knowledge and authority.

11. Newmuis gained the minor's trust throughout his role as coach and mentor.

12. Newmuis, using the authority given to him by Garfield Thompson on behalf of the FHTC, began taking McCoy to his home where he sexually assaulted McCoy.

13. Moreover, during trips sanctioned by the AAU in which FHTC was a member and participated in Newmuis would use that opportunity to stay in separate facilities away from the rest of the team, with Mr. Thompson's full knowledge and authority.

14. Newmuis used those moments to sexually assault McCoy.

15. At all times that McCoy was sexually assaulted by Newmuis, Newmuis was acting within the scope of his duties as the coach and supervisor of McCoy.

16. Furthermore, Newmuis used his authority to massage and relieve McCoy's injuries for his own sexual gratification.

17. Newmuis was found guilty of sex abuse on a minor.

## COUNT ONE
### (Respondeat Superior)

18. Plaintiff McCoy adopts by reference the allegations contained in paragraphs one through seventeen (1-17) of this Complaint as if fully set forth herein.

19. At all times relevant hereto, Newmuis was employed as the coach by Garfield Thompson and the FHTC, with primary responsibility to McCoy.

20. On several occasions while in his capacity as coach, trainer, supervisor and chaperone of McCoy, Newmuis sexually assaulted McCoy.

21. All of the acts were committed within the scope of his employment/duty as a coach for Defendant and in furtherance of the Defendant's interest.

22. As Newmuis' employer, FHTC is responsible for all of the acts

committed by Newmuis within the scope of his employment.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory damages in the amount of One Million Dollars ($1,000,000.00) with interest and costs.

## COUNT TWO
### (Assault)

23. Plaintiff McCoy adopts by reference the allegations contained in paragraphs one through twenty-two (1-22) of this Complaint as if fully set forth herein.

24. Newmuis seduced McCoy for his own sexual gratification. Said conduct was characterized by evil motive with the intent to injure, ill will and actual malice.

25. Newmuis acted with the intent and capability to do bodily harm to McCoy. His conduct was perpetrated with actual malice.

26. Newmuis' actions caused McCoy to be put in reasonable apprehension of an immediate battery.

27. As a result of Newmuis' conduct and actions, McCoy has suffered and will continue to suffer server mental anguish, medical and other related expenses.

28. During the summer of 2006-07 when McCoy was preparing for an AAU activity Newmuis showed pornography to McCoy and used KY Lubricant while he manipulated McCoy's penis in his hand for sexual gratification. Thereafter he engaged in sexual contact with McCoy.

WHEREFORE, Plaintiff McCoy demands judgment against Newmuis and FHTC, an organization of the Amateur Athletic Union for the sum of One Hundred Fifty Thousand Dollars ($150,000.00) in compensatory damages and One Million Five Hundred Thousand Dollars ($1,500,000.00) in punitive damages, with interest and costs.

### COUNT THREE
### (Battery)

30. Plaintiff McCoy adopts by reference the allegations contained in paragraphs one through twenty-nine (1-29) of this Complaint with the same effect as if herein fully set forth.

31. Defendant Newmuis intended the sexual conduct he exhibited and could only accomplish it as a member, servant, and agent of Defendant AAU.

32. Defendant Newmuis' conduct constituted an intentional touching which resulted in the offensive, non-consensual battery of Plaintiff McCoy by Defendant Newmuis and was undertaken deliberately and with actual malice.

33. As a result of Defendant Newmuis' conduct, Plaintiff McCoy, suffered substantial damages including but not limited to extreme and permanent pain and suffering, humiliation, mental distress, bad dreams and monetary loses.

WHEREFORE, Plaintiff McCoy demands judgment against Defendants individually for the sum of One Hundred Thousand Dollars ($100,000.00) compensatory damages and Four Hundred Thousand Dollars ($400,000.00) punitive damages, with interest and costs.

## COUNT FOUR
### (False Imprisonment)

34. Plaintiff McCoy adopts by reference the allegations contained in paragraphs one through thirty-three (1-33) of this Complaint with the same effect as if herein fully set forth.

35. At all relevant times Defendant Newmuis transported Plaintiff McCoy to his home well outside of McCoy's abode for the purposes of detaining him and having nonconsensual sexual relations with him.

36. McCoy was detained against his will for at least several hours.

37. As a result of the actions of Newmuis, Plaintiff McCoy suffered damages by being held against his will for an extended period of time.

38. By all of his behavior, Newmuis actions towards McCoy demonstrated actual malice.

WHEREFORE, Plaintiff McCoy demands judgment against defendants Newmuis and AAU individually in the amount of Fifty Thousand Dollars ($50,000.00) in compensatory damages and Two Hundred Fifty Thousand Dollars ($250,000.00) in punitive damages, with interest and costs.

## COUNT FIVE
### (Intentional Infliction of Emotional Distress "IIED")

39. Plaintiff McCoy adopts by reference the allegations contained in paragraphs one through thirty-eight (1-38) of this Complaint with the same effect as if herein fully set forth.

40. During the time Plaintiff was engaged in FHTC activities, sanctioned by the AAU, and coached by Newmuis, he was sexually assaulted

and battered by and, among other things, forced to submit to manual stimulation of his genitalia and by being forced to engage in other perverted practices. This conduct was perpetrated by the agent, servants and employees of Defendant AAU within the scope of his employment. Defendant FHTC is responsible for all of the acts committed by its agent within the scope of his employment and/or participation in its programs and purposes.

41. Defendant's conduct was intentional, reckless and in deliberate disregard of a high degree of probability that emotional distress would result to the then-minor Plaintiff.

42. The conduct of Newmuis and the defendants was extreme and outrageous and beyond the bounds of decency in society.

43. The conduct of the Defendants was malicious, willful and intentional.

44. As a result of the aforementioned conduct and actions, the Plaintiff has suffered and will continue to suffer severe and extreme emotional distress.

WHEREFORE, Plaintiff demands judgment against each defendant for compensatory damages in the amount of One Million Dollars ($1,000,000.00) and punitive damages in the amount of Four Million Dollars ($4,000,000.00), plus interest and costs of this action.

*Edward Smith, Jr.*
EDWARD SMITH, JR., ESQUIRE
KERRIE A. CAMPBELL, ESQUIRE
2225 St. Paul Street
Baltimore, MD 21218
(410) 366-0494 – (410) 366-0580
Attorneys for Plaintiff

| | | |
|---|---|---|
| LANCE McCOY<br>3120 St. Paul Street, #H418<br>Baltimore, MD  21218 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff, | * | FOR |
| v. | * | BALTIMORE CITY |
| FREDDIE HENDRICKS TRACK CLUB,<br>AN AFFILIATE ORGANIZATION OF<br>THE AMATEUR ATHLETIC UNION<br>Serve on:  William Vaughn<br>5721 Arnhem Road<br>Baltimore, MD  21218 | * | CASE NO. ~~24-C-10-004109 OT~~<br>24C12004358 |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEMAND FOR JURY TRIAL**

Mr./Ms. Clerk:

Set this case on the consolidated trial calendar for jury trial.

*Edward Smith, Jr.*
_____
EDWARD SMITH, JR., ESQUIRE
KERRIE A. CAMPBELL, ESQUIRE
2225 St. Paul Street
Baltimore, MD  21218
(410) 366-0494 – (410) 366-0580
Attorneys for Plaintiff