FILED: September 3, 2015

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1114
(1:13-cv-03744-MJG)

LANCE MCCOY

    Plaintiff - Appellant

v.

AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC.

    Defendant - Appellee

and

BRYANT NEWMUIS; FREDDIE HENDRICKS TRACK CLUB, An Affiliate Organization of The Amateur Athletic Union

    Defendants

## JUDGMENT

In accordance with the decision of this court, the judgment of the district court is affirmed.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

                                        /s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1114

LANCE MCCOY,

    Plaintiff - Appellant,

v.

AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC.,

    Defendant - Appellee,

and

BRYANT NEWMUIS; FREDDIE HENDRICKS TRACK CLUB, An Affiliate Organization of The Amateur Athletic Union,

    Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (1:13-cv-03744-MJG)

Submitted: August 10, 2015    Decided: September 3, 2015

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Edward Smith, Jr., LAW OFFICE OF EDWARD SMITH, JR., Baltimore, Maryland, for Appellant. Angela W. Russell, Peter A. Coleman, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lance McCoy appeals the district court's order granting the Amateur Athletic Union of the United States, Inc.'s ("AAU") motion for summary judgment and dismissing his action. Specifically, McCoy contends that the district court erred in contradicting rulings by a Maryland state court made prior to removal and holding that AAU was not vicariously liable for the sexually abusive conduct of McCoy's former track coach ("the coach"). McCoy also argues that the district court erred in denying his motion to remand the case to state court because AAU failed to timely file its notice of removal. We affirm.

We first review de novo the district court's order denying remand. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 815-16 (4th Cir. 2004) (en banc). Here, because McCoy failed to assert before the district court that AAU's notice of removal was untimely, he has forfeited his right to do so on appeal. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 199 (4th Cir. 2008) (internal quotation marks omitted) ("Procedural defects in removal are . . . similar to the lack of personal jurisdiction and other shortcomings that may be waived or forfeited.") (quoting Matter of Cont'l Cas. Co., 29 F.3d 292, 294 (7th Cir. 1994)); see also Caterpillar, Inc. v. Lewis, 519 U.S. 61, 75 n.13 (1996) (noting that an argument concerning § 1446(b)'s one-year time limit counts as a "nonjurisdictional

3

argument" that "may be deemed waived" under Supreme Court Rule 15.2 when not raised in a respondent's brief in opposition to a petition for a writ of certiorari).

We next review de novo the district court's grant of summary judgment. Blake v. Ross, 787 F.3d 693, 696-97 (4th Cir. 2015). All facts and reasonable inferences are viewed "in the light most favorable to the non-moving party." Dulaney v. Packaging Corp. of Am., 673 F.3d 323, 330 (4th Cir. 2012). Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In challenging summary judgment, McCoy first argues that the district court was bound by res judicata, collateral estoppel, and the Supreme Court's decision in Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), to deny AAU's motion for summary judgment so as to not conflict with the Maryland court's prior denial of AAU's previous motion to dismiss. McCoy is mistaken. Aside from the fact that the standards for motion to dismiss and summary judgment are quite distinct, both res judicata and collateral estoppel require a "final judgment" to bar relitigation. See Anne Arundel Cty. Bd. of Educ. v. Norville, 887 A.2d 1029, 1037 (Md. 2005) (res judicata); Rourke v. Amchem Prods., Inc., 863 A.2d 926, 933 (Md. 2004) (collateral estoppel). Here, there was no final judgment in state court.

4

Further, Erie is inapplicable here because this case involves no conflict between state and federal law. Therefore, we conclude that the district court did not err to the extent that it deviated, in granting summary judgment, from the Maryland court's order denying AAU's prior motion to dismiss.

Finally, McCoy contends that summary judgment was improper because genuine disputes of material fact exist as to whether the coach was AAU's agent and was acting within the scope of the principal-agent relationship when he sexually assaulted McCoy. Under Maryland law, principals are liable for the conduct of their agents only when the conduct is within the scope of the principal-agent relationship. See S. Mgmt. Corp. v. Taha, 836 A.2d 627, 638 (Md. 2003) (stating rule with respect to employer-employee relationship). "[W]here an [agent]'s actions are personal, or where they represent a departure from the purpose of furthering the [principal]'s business, . . . even if during normal duty hours and at an authorized locality, the [agent]'s actions are outside the scope of his [agency]." Sawyer v. Humphries, 587 A.2d 467, 471 (Md. 1991). "[W]here the conduct of the [agent] is unprovoked, highly unusual, and quite outrageous, courts tend to hold that this in itself is sufficient to indicate that the motive was a purely personal one and the conduct outside the scope of [agency]." Id. (internal brackets and quotation marks omitted).

5

Even assuming that the coach was AAU's agent, we hold that AAU cannot be vicariously liable for his conduct, which was well outside of the principal-agent relationship. McCoy's claim that AAU negligently supervised and vetted the coach and provided him with the environment in which he committed sexual assault is irrelevant to whether AAU can be held vicariously liable for his conduct. We therefore find that summary judgment was appropriate.

Accordingly, we affirm the district court's orders denying McCoy's motion to remand, granting AAU's motion for summary judgment, and dismissing McCoy's case. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

FILED: September 3, 2015

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1114,  Lance McCoy v. AAU of the United States, Inc.
1:13-cv-03744-MJG

---

NOTICE OF JUDGMENT

---

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourt.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers must be submitted within 60 days of entry of judgment or denial of rehearing, whichever is later. If counsel files a petition for certiorari, the 60-day period runs from filing the certiorari petition. (Loc. R. 46(d)). If payment is being made from CJA funds, counsel should submit the CJA 20 or CJA 30 Voucher through the CJA eVoucher system. In cases not covered by the Criminal Justice Act, counsel should submit the Assigned Counsel Voucher to the clerk's office for payment from the Attorney Admission Fund. An Assigned Counsel Voucher will be sent to counsel shortly after entry of judgment. Forms and instructions are also available from the clerk's office or from the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition to identify the cases to which the petition applies and to avoid companion cases proceeding to mandate during the pendency of a petition for rehearing in the lead case. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 15 pages. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).